B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only)<br><br>2022 APR 27 PM 3: 24 |
|---|---|

| **PLAINTIFFS**<br>BARBARA JACQUELINE JOHNSON | **DEFENDANTS**<br>U.S. BANK AMERICA AS Trustee for THE IGLOO SERIES IV TRUST |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Fabricated Evidence McKinney v. Pate, 20 F. 3d 1550 (11th Cir. 1994) (en banc), cert. denied, 513 U.S. 1110, C.fi Zinerman v. Burch, 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108 L. Ed. 2d. 100 (1990)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☑ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 2,000,000. (million 2) |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>*Barbara J Johnson* | | BANKRUPTCY CASE NO.<br>*21-42953* | |
| DISTRICT IN WHICH CASE IS PENDING<br>*Eastern District of Missouri* | | DIVISION OFFICE | NAME OF JUDGE<br>*Sthermer* |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF<br>*U.S Bank N.A (Trustee FOR THE IGLOO SERIES 14 Trust)* | DEFENDANT<br>*Barbara J. Johnson* | ADVERSARY<br>PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>*Eastern District of Missouri* | | DIVISION OFFICE<br>*Eastern* | NAME OF JUDGE<br>*Sthermer* |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Barbara Jacqueline Johnson* | | | |
| DATE<br>*April 27, 2022* | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>*Barbara J. Johnson* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

RECEIVED & FILED
2022 APR 27  PM 3: 19

CLERK US BANKRUPTCY
EASTERN DISTRICT
ST LOUIS MISSOURI

| | |
|---|---|
| In Re:<br><br>BARBARA J. JOHNSON,<br><br>Debtor | Chapter 13<br><br>Bankruptcy Case No: 21-42953 |
| BARBARA J. JOHNSON<br><br>Complainant/Debtor,<br><br>vs.<br><br>U.S. BANK, N.A. (As Trustee for the<br>IGLOO SERIES IV TRUST,<br><br>Respondent | Adversary Complaint<br><br>NO._____ |

VERIFIED COMPLAINT

COMES NOW, Debtors, Barbara J. Johnson ("Ms. Johnson"), who respectfully

files her *Adversary Complaint*, and shows as follows:

I.                                    THE PARTIES

1. Debtor, Barbara J. Johnson  during all times relevant, have resided at and owned

   1202 Edlor Drive, Spanish Lake, Mo. 63138, in St. Louis County[1].  The Property

   Legal Description of the subject property is:

---

[1] NOTE:  A copy of the Note Exhibit A and the Deed of Trust or Security Instrument is at
Exhibit A.  Ms. Johnson  contends that the original documents and assignments make no
mention of  US Bank, N.A. as the real party in interest and seeks  to Quiet the Title which
is one of the Counts in this complaint.

LOT 8 OF KUHS ACRES NO. 3, A SUBDIVISION IN ST. LOUIS COUNTY, MISSOURI, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 27 PAGES 86 AND 87 OF THE ST. LOUIS RECORDS

2. **Respondent U.S. Bank, N.A. (As Trustee for Igloo Series IV Trust)**, ("US Bank"), is a for profit business corporation, organized and existing under the laws of Mo; their corporate headquarters is located at 800 Nicollette Mall, Minneapolis, Mn. and they do substantial business in Missouri and in St. Louis County.  US. Bank alleges to be Endorsee of the Note and Assignee of the Deed of Trust, and therefore successor in interest to the originator of the loan, J.P. Morgan USA. Service of Process will be perfected upon US Bank by service upon their **Registered Agent: CT Corporation System.**

II.                                    <u>JURISDICTION AND VENUE</u>

3. This Court has jurisdiction because this Adversary Complaint is directly involved in the Bankruptcy Estate of Barbara J. Johnson, Chapter 13, Bankruptcy Case No: 21-42953.

4. The Complainant Consents to Entry of Final Orders or Judgment of the Bankruptcy Court.

5. Venue is properly before this Court.  Most of the events, circumstances, damages and denials of rights described herein took place in St. Louis County.

2

III.                              <u>GENERAL ALLEGATIONS</u>

6. This is an action brought by Debtor, Barbara J. Johnson for declaratory judgment,

   injunctive and equitable relief, and for compensatory, special, general and punitive

   damages and violations of Due Process, Civil Rights.

7. Debtor, Ms. Johnson facts as stated in her Affidavit attached as ***Exhibit B***1-9

   concerning 1202 Edlor Drive, Spanish Lake, Missouri 63138, are as follows:

   (1).  December 28, 2001 Purchase 1202 Edlor Decision-One Mortgage. General
   Warranty Deed National Title Agency, Inc. 12144 Lackland Road St Louis Mo.
   63145 December 28, 2001 Document number 995 Deed of Trust  Trustee: Ron
   Barksdale 6060 JA Jones Drive Suite 1000 Charlotte North Carolina
   ***Exhibit A***
   (2).  Decision-One transferred loan to Chase (looking for the assignment of the
   note to Chase) ***Exhibit B1***

   (3).  My husband Willie Lee Payne passed June 23, 2003.

   (4).  June 14, 2005 I purchased the loan into my name "Barbara Jacqueline
   Payne" adjustable mortgage from Chase Home Loan:  $240,000.00, recorded
   into Book: 23968, Page:  2408. US Bank paid $284,354.50; Book 23968, Page
   2411 on Feb 14, 2020; August 8, 2020:  Quitclaim Deed recorded. Grantor U.S.
   Bank Grantee:  U.S Bank. Adjustable Rate note March 17, 2020: Book 23968
   Barbara Payne Transferred Deed to US Bank Trust, NA. ***Exhibit B2***

   (5).  March 8, 2010, suffered a **house fire 100% loss** Travelers insurance slow
   to no pay during the entire process. (Christopher S Garrison, General Adjuster
   Property MCU Claim number:  UMB0503 Travelers Insurance Company,
   Policy Number: 12429257  ***Exhibit B3***. Account Number:  9847019716331.
   Photos of the fire attached.  ***Exhibit B4*** The contractor walked off the job for
   breach of contract. 2014 my insurance ran out, the insurance no longer paid for
   my stay pay for my stay and also pay the mortgage. I could not obtain an Cert.
   of occupancy to move into the house, it was not completed. Chase agreed to
   modify the loan by putting the missed payments onto the back of the
   loan.  Corporate took over.  Law office James and James was Chase Attorney
   was assigned to represent Chase and Travelers insurance. The law office
   scheduled me to come into their off to sign what they called a GAG
   order.  According to the Forensic. March 10, 2010 the loan was transferred to
   US Bank.  This loan has been transferred several times without my knowledge.

3

(6). May 18, 2016 the loan was transferred to Caliber Home Loans. Caliber and Chase Home Loans informed me all terms agreed upon with Chase would be honored by Caliber Home Loan. Forensic Audit shows loan assigned to U. S. Bank. I never received this notice. I continued paying Caliber. Caliber continued to accept payment. Chase assigned the note to U S Bank Trust NA

(7). 2017/2018 Caliber wanted a loan modification, it was approved July/ August 2019. Trial payment was October, November, December 2019. Next day January 2020 was not accepted by Caliber called whole loan due. I advised that I had the whole amount sitting in my escrow account and have my permission to use those funds. I filed Bankruptcy fearing Caliber would not use the escrow. The end of January 2020 Caliber informed me to make my next payment. Payment posted February 13, 2020. Judge denied my Bankruptcy March 3, 2020. Bankruptcy Trustee set payment at $3,500 monthly. My Bankruptcy attorney advised me not to pay. March 4, 2020 I filed in St Louis county a Notice of Correction for Fraud to Deed of Trust. *Exhibit B5*

(8). Received a call and written communication from Chase informing me that SN Servicing Company had the loan, and to begin making payments to them May 2020. I paid, payment was refused. I spoke with my Point of Contact person was given loan information. *Exhibit B6* I never received a letter from the servicing company until March 2022 requesting me to purchase homeowner's insurance for the house start making payments of $1,500+monthly on a loan of $66,000+. February 2022 sent written request to Chase Home Loans for (a) History of payment; (b) Copy of Truth and Lending Statement (c) Settlement statement. Case Number Bankruptcy is 20-40721-399 Watton group stated in a letter dated March 12, 2020 there will be a meeting of the Creditors April 6, 2020 at 1:00 pm. Noted for me not to attend. Noted Bankruptcy was still active but foreclosure was March 6, 2020. He suggested that I voluntarily dismiss my case for a failure to appear.

Chase responded they have only my social number, the address of the property and my telephone number but have no record of me ever having a loan with them. *Exhibit B7*

(9). I called Caliber Home Loans requesting (a) History of Payments (b) Truth and Lending (c) Settlement Statement. In response I received settlement statement and information on SN Servicing Company. No truth in Lending and No payment History was sent to me

(10). March 2022 I ordered a forensic audit because of fraud. *Exhibit C*

(11). Served order Unlawful Detainer

(12). Via webinar Attorney did not attend. I requested the court to dismiss for failure to appear. Judge laughed, told court stenographer to call attorney to see where he was. I again objected and requested dismissal for attorney failure to

4

appear. I also objected stating my statutory rights were being violated. Again, she just laughed. 40 minutes the attorney arrived on the call laughing about being late. I objected again siting civil rights violations. ***Exhibit B8***

(13). Next scheduled court date I was muted out by the judge. I have a witness and phone evidence that I was muted out by the judge. A trial date was set by Plaintiff's Attorney and the Judge. Not trusting the court due violations of due process, and jury trial denial. I did not receive a call from the judge for the hearing. I have been denied equality and equal protection under the law. I went by the courts to pick up any updates and to my surprise Judge Lay ordered a personal court appearance. I received this notice in the mail 5 days after December 13, 2021. I read the notice and went right to the court. Saturday December18, 2021 I filed for dismissal of case and if not granted dismissal to request a continuance. I was not given notice but I did appear. Trial for Unlawful Detainer. Mind you I was muted out by the Judge when the trial was scheduled. The judge denied dismissal, continuance, trial by jury. (February 16, 2022 I filed a Notice of Change of Venue). I requested to enter the proof of being muted into the court record, which was denied. I objected in the court, to all proceedings, due to Civil and Constitutional Rights violations. ***Exhibit B9***

(14). After the trial I requested transcript and CD of the court proceedings and was informed by James Monken no transcript or recording was available on my case and for me to come back to pick up my money.

(15). On December 19, 2021 I Drafted a document Ownership demanding 12 points to be rebutted Affidavit Apostille and filed January 2022 Affidavit was not rebutted the affidavit remains unrebutted. Because of unfair treatment I requested a change of venue filed an injunction and a Lis Pendas. February 23, 2022 I filed Lis Pendens. U.S. District Court Eastern District of Missouri Case Number: 4:22-cv-00197-JAR and also filed in St Louis County February 23, 2022 Case Number: 21SL-AC20505 ***Exhibit D***

8. The requisite of the due process clause, is that the litigant must receive notice of hearing and the opportunity to be heard, at a meaningful time and place.

9. The facts clearly show that Ms. Johnson, in a prior bankruptcy case she was repeatedly denied due process of law on March 3, 2020.

5

10. Ms. Johnson was denied due process when the adverse action took place so quickly, Ms. Johnson did not have time to file A complaint and a Motion for Temporary Restraining Order.

11. On March 6, 2020 her home of many years was foreclosed on.

12. There was a hearing in BK Case # 20-40721-399 for a Meeting of Creditors and no one showed up.

13. The BK case was still active but her property had already been foreclosed upon.

14. Later, there was a hearing before Judge Lay on the Unlawful Detainer, which was served on Dec. 13, 2021; with hearing was held on Saturday, Dec. 18, 2021 and Ms. Johnson was muted out of the zoom hearing. This is a clear violation of due process.

15. In addition, Ms. Johnson alleges a violation of Federal Rule 60(b) for Fraud Upon the Court in that US Bank is claiming to be the Trustee of the LSF9 Master Participation Trust, but that Trust is now suddenly The Igloo Series IV Trust.[2]

---

[2] It is true that fraud appears in many guises. "[I]t is as old as falsehood and as versable as human ingenuity." But it is not simply a label that may be applied to any set of puzzling circumstances. A popular legal reference defines "fraud" as "a knowing misrepresentation of the truth or concealment of a material fact [or a misrepresentation made *451 recklessly without belief in its truth] to induce **282 another to act to his or her detriment." ***Black's Law Dictionary***, p. 731 (9th ed. 2009).

It further defines "fraud on the court": "... a lawyer's or party's misconduct so serious that it undermines or is intended to undermine the integrity of the proceeding. Examples are bribery of a juror and introduction of fabricated evidence." ***Id***. at 732. The tort of fraud similarly is based on a knowing or reckless misrepresentation. In *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1110

(1995), the court addressed the viability of section 1983 claims premised on the

6

Due ProcessClause of the Fourteenth Amendment.  The court stated:

The Due Process Clause of the Fourteenth Amendment provides "nor shall
any State deprive any person of life, liberty, or property, without due
process of law." U.S. Const. amend. XIV, § 1. The Supreme Court's
interpretation of this clause explicates that the amendment provides two
different kinds of constitutional protection: procedural due process and
substantive due process. *Cf. Zinermon v. Burch*, 494 U.S. 113, 125, 110 S.
Ct. 975, 983, 108 L. Ed. 2d 100
(1990).  A violation of either of these kinds of protection may form the
basis for asuit under section 1983.  *Id.*

The substantive component of the Due Process Clause protects those
rights that are "fundamental," that is, rights that are "implicit in the
concept of ordered liberty," *Palko v. Connecticut*, 302 U.S. 319, 325, 58
S. Ct. 149, 152, 82
L. Ed. 288 (1937). [ ] The Supreme Court has deemed that most--but not
all--of the rights enumerated in the Bill of Rights are fundamental; certain
unenumeratedrights (for instance, the penumbral right of privacy, *see*
*Planned Parenthood v. Casey*, 505 U.S. 833, 112 S. Ct. 2791, 2807, 120
L. Ed. 2d 674 (1992)) also
merit protection. It is in this framework that fundamental rights are
incorporatedagainst the states. [ ] A finding that a right merits substantive
due process protection means that the right is protected "against 'certain
government actions regardless of the fairness of the procedures used to
implement them.'" *Collins v. City of Harker Heights*, 503 U.S. 115,
--------------------------------------------------------------------- , 112 S. Ct.
1061, 1068, 117 L. Ed. 2d
261 (1992) (*quoting Daniels v. Williams*, 474 U.S. 327, 331, 106 S. Ct. 662, 665,
88 L. Ed. 2d 662 (1986)).

The doctrine of judicial self-restraint requires us to exercise the utmost
care whenever we are asked to break new ground in this field.  *Collins*,
503 U.S. at
----, 112 S. Ct. at 1068 (citation omitted). Hence, remaining largely
outside the scope of substantive due process jurisprudence are tort law,
*see Daniels*, 474 U.S.at 332, 106 S. Ct. at 665, and public employment
law, *see, e.g.*, *Bishop v. Wood*, 426 U.S. 341, 350, 96 S. Ct. 2074, 2080,
48 L. Ed. 2d 684 (1976), and *Board of*
*Regents v. Roth*, 408 U.S. 564, 577-78, 92 S. Ct. 2701, 2709-10, 33 L. Ed. 2d 548
(1972).

On December 13, 2007, . . . Batemon issued a letter to Plaintiff .

7

. . .

The procedures used to notify Mr. Adams that the County intended to terminate him and/or the procedures used to terminate him violated his due process rights under the United States Constitution, and breached the contract of employment that existed between [the plaintiff] and the defendant County under the disciplinary procedures of the Employment Handbook. Specific examples of the violations of Mr. Adams' rights include, butare not limited to the following:

a. The Employee Handbook directs management to provide written notice to the accused employee with "specific informationabout the offense which prompted this action."

b. In the instant case, no "specific information" was given to Mr. Adams. Defendant Dan Dahlke filled out a form which only statedMr. Adams had violated Group II sections 10 (i.e., theft of County property) and 24 (i.e., conflict of interests) of the Handbook.

c. Nothing in the form explained with "specific information" . . .

Without sufficient "specific information," [the plaintiff] couldnot realistically or properly present a defense to the charges at the"Disciplinary Action - Due Process hearing, which the Handbookasserts provides the employees their due process protection. At the subsequent "Disciplinary Action - Due Process" hearing,[the plaintiff] repeatedly asked for anyone to explain what he wascharged with. Each time he was told that his request was inappropriate, and that he had to defend himself against the so- called charges, albeit without any knowledge about the factual bases of the charges (if

8

any such facts actually existed in the first place).

The Defendants, however, never explained the . . . charges. In fact, no one presented a case against [the plaintiff] at the hearing. He was expected to defend himself without the benefit of knowingwhat he was charged with. As a consequence, Mr. Adams was deprived of his due process rights because he could not reasonablybe expected to defend himself effectively.

No evidence was offered against [the plaintiff] at the hearing . . .

He was not allowed to cross-examine the potential witnesses [The plaintiff] had to defend himself without the benefit ofknowing what he was charged Furthermore, the matters stated as the basis for Mr. Adams' dismissal were entirely unrelated to the charges contained in the form filled out by the Defendant Dahlke the County found Mr. Adams guilty of matters that he was not charged with. The Employee Handbook gives the Plaintiff/Appellant a right toan appeal "to the Circuit Court of St. Clair County for a de novo hearing."      Adams filed his appeal to the circuit Court of St.Clair County, Alabama within the 30 days specified by theEmployee Handbook. At the time of his termination, [the plaintiff] had a property interest inhis continued employment with the defendant County because his employment could only be terminated by a process described in detail by the Employee Manual.  Consequently, [the plaintiff] had a right under the United StatesConstitution to due process in his employment.

The defendants violated his due process rights as described above. The actions of the individual defendants were made under color of law.

Subsequent to his termination, [the plaintiff] pursued the only remedyallowed by the Employee Manual; i.e., appeal to the Circuit Court of the defendant County. The individual defendants subjected [the plaintiff] to the deprivationof his rights either maliciously or by acting with a reckless disregard for whether his rights would be violated by their actions.

9

16. The tort of fraud similarly is based on a knowing or reckless misrepresentation.

FIRST CAUSE OF ACTION:

REASONABLE RELIANCE, DETRIMENTAL RELIANCE, VIOLATION OF DUE
PROCESS; VIOLATION OF FEDERAL RULE 60 (b)

17. An actual controversy has arisen and now exists between Debtor and Respondent specified hereinabove, regarding their respective rights and duties, in that Ms. Johnson contends that Respondent, did not have an equitable right to foreclose on the Property.

18. Ms. Johnson contends that Respondent failed to perfect any security interest in the Real Property collateral, and cannot prove to the court they were a real party in interest to the underlying Deed of Trust.

19. Respondent wrongfully foreclosed in St. Louis County, Mo. On March 6, 2020.

20. Debtor was denied due process because her BK. Case number 20-40721-399 was still active and Debtor was not given any time to file a complaint or Temporary Restraining Order.

21. From a procedural standpoint Debtor was denied due process because one cannot file two actions in the same case.

---

(Doc. 9 at pp. 6-13).

21.

d.

22. Ms. Johnson requests that this Court find that the sale is a nullity by operation of law, because Respondent's actions in the processing, handling and foreclosure involved numerous fraudulent, false, deceptive and misleading practices, including, but not limited to, violations of State laws designed to protect borrowers.

23. Ms. Johnson further requests that the property remain in Ms. Johnson's possession during the pendency of this litigation, and deem that any attempt to evict her be "unlawful and void".

24. Therefore, Respondent U.S. BANK, N.A. cannot establish that it is entitled to assert a claim in this case.

25. U.S. BANK, N.A. acted with unclean hands and had no right to transfer an interest in Real Property, and had not right to recover anything from Ms. Johnson.

26. Respondent, through the actions alleged above, claimed the right to illegally commence foreclosure sale of Ms. Johnson's Real Property under the Mortgage/Deed of Trust on the Real Property via an in Rem action supported by false or fraudulent documents.

27. Said unlawful foreclosure action has caused and continues to cause Ms. Johnson great and irreparable injury in that the nature of Real Property is unique.

28. Ms. Johnson, from the inception of the loan has been a victim of predatory lending and the US Bank, N.A., loan was a loan in which Ms. Johnson would never be able to repay.

11

29. Ms. Johnson justifiably and reasonable relied upon the servicer to grant her a modification and made numerous attempts, only to be unreasonable turned down time and time again.

30. The conduct of the above specified Respondent was wrongful, and unless restrained and enjoined by an Order of the Court, will continue to cause great and irreparable harm to Ms. Johnson.

31. Ms. Johnson will not have the beneficial use and enjoyment of her Home which has been foreclosed upon, and for which she seeks damages.

32. Ms. Johnson has no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Ms. Johnson.

33. Ms. Johnson has suffered and will continue to suffer far into the future unless Respondent's wrongful conduct is restrained and enjoined because Real Property is inherently unique and it will be impossible for Ms. Johnson to determine the precise amount of damage she will suffer.

34. *HSBC Bank USA, Nat. Ass'n v. Mid Cty. Res.*, No. 3055 CV 2010, 2014 WL 10589052, at *3 (Pa. Com. Pl. Jan. 22, 2014).
In *Hazel-Atlas*,4 the Supreme Court of the United States in a civil case recognized an exception to the general rule "that judgments should not be disturbed after the term of their entry has expired," and held that federal courts have an inherent power to "set aside their judgments after the expiration of the term at which the judgments were finally entered...under certain circumstances, one of which is after-discovered fraud." *Hazel-Atlas*, 322 U.S. at 244. To meet the "demanding standard" and prove a claim of fraud on the court, petitioner must show there was: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005). "[A] determination of fraud on the court may be justified only by 'the most egregious misconduct directed to the court itself,' and that it 'must be supported by clear, unequivocal and convincing evidence.'" Id. (quoting *In re Coordinated*

12

*Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976)) (emphasis added). The court in *United States v. Rodriguez* explained:
*5 The equitable power to set aside a prior judgment for fraud on the court is extraordinary, with few of the limitations that otherwise constrain motions for relief from a judgment due to fraud under Rule 60(b)(3) of the Federal Rules of Civil Procedure or independent actions for relief from a judgment due to fraud. *United States v. Rodriguez*, Crim. Action No. 98-362-12, 2012 WL 162297, at *4 (E.D. Pa. Jan. 18, 2012) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KANE, *FEDERAL PRACTICE AND PROCEDURE* § 2870, at 411-13 (4d ed. 1995)) (emphasis added).
*Ferguson v. United States*, No. 03-72, 2016 WL 1578777, at *4–5 (W.D. Pa. Apr. 20, 2016).

## SECOND CAUSE OF ACTION
## FRAUD IN THE CONCEALMENT

35. Generally, one must prove the following to bring a legally sufficient claim of Fraudulent Concealment.

    a.   Concealed or suppressed a material fact;

    b.  Had knowledge of this material fact;

    c.  That this material fact was not within reasonably diligent attention, observation, and judgment of Ms. Johnson;

    d.  That the Defendant suppressed or concealed this fact with the intention that Ms. Johnson be misled as to the true condition of the property; and

    e.  That Ms. Johnson was unreasonably so misled; and

    f.  That Ms. Johnson suffered damage as a result.

36. Respondent, U.S. Bank, N.A., successor to the originator, concealed the fact that notary of the Assignment and the signer never acknowledged to notary that they executed assignment in authorized capacity.

37. The purported lender claims to have accepted by negotiation the issuer Ms.

Johnson's negotiable instrument as debtor in a deposit account;

38. Respondent U.S. Bank, N.A., successor to the originator, furthered their deception by purporting to have given consideration for an instrument Respondents' purport to Ms. Johnson's issued Negotiable Instrument in the form of real money purportedly executing an underlying obligation (indebtedness) between the parties to the purported contract

39. Ms. Johnson's reasonable reliance upon the misrepresentations were detrimental.

40. But for failure to disclose the true and material terms of the transaction, Ms. Johnson could have been alerted to issues of concern.

41. Ms. Johnson would have known of Respondents' true intentions and profits from the proposed purported loan.

42. Ms. Johnson would have known that the actions of Respondent U.S. Bank, N.A., successor to the originator, would have an adverse effect on the value of Ms. Johnson's home by clouding the title.

43. Respondent was aware of the misrepresentations and profited from them.

44. As a direct and proximate result of the misrepresentations and concealment Ms. Johnson has been damaged in an amount to be proven at trial, including but not limited to costs of Loan, damage to Ms. Johnson's financial security, emotional distress, and Ms. Johnson has incurred costs and attorney's fees.

45. Respondent U.S. Bank, N.A.., successor to the originator, is guilty of malice, fraud and/or oppression.

46. Respondent's actions were malicious and done willfully in conscious disregard of

14

the rights and safety of Ms. Johnson in that the actions were calculated to injure Ms. Johnson.

47. As such, Ms. Johnson is entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter them from engaging in future misconduct.

### THIRD CAUSE OF ACTION
### FRAUD IN THE INDUCEMENT

48. Respondent, successor to the originator, intentionally misrepresented to Ms. Johnson that Respondent was entitled to exercise the power of sale provision contained in the Mortgage/Deed of Trust. In fact, Respondent was not entitled to do so and had no legal, equitable, or actual beneficial interest whatsoever in the Property.

49. Respondent misrepresented that they were the "holder and owner" of the Tangible Note and the beneficiary of the Mortgage/Deed of Trust; however, this was not true and was a misrepresentation of material fact.

50. Documents disclosed that the Originator allegedly sold the mortgage loan instrument to U.S. BANK, N.A. REMIC TRUST (Which trust is the real party - LSF9 Master Participant Trust or The Igloo Series IV Trust).

51. This type of conduct is outrageous.

52. Respondent fraudulently foreclosed on the Real Property which they had no monetary or pecuniary interest, and did so with unclean hands.

53. Respondent was aware of the misrepresentations and profited from them.

54. As a direct and proximate result of the misrepresentations and concealment, Ms. Johnson has been damaged in an amount to be proven at trial, including but not limited to costs of Loan, damage to Ms. Johnson' financial security, emotional distress, and court costs and attorney's fees.

55. Respondent is guilty of malice, fraud and/or oppression.

56. Respondent's actions were malicious and done willfully in conscious disregard of the rights and safety of Ms. Johnson in that the actions were calculated to injure Ms. Johnson.

57. As such Ms. Johnson is entitled to recover, in addition to actual damages, punitive damages to punish Respondent and to deter them from engaging in future misconduct.

**FOURTH CAUSE OF ACTION**
**UNCONSCIONABLE CONTRACT**

58. The actions of Respondent as set forth herein, resulted in Ms. Johnson being forced, tricked, and misled into parting with her property.

59. Generally, one must prove the following to bring a legally sufficient claim of Unconscionable Contract.

    a. Undue Influence;
    b. Duress;
    c. Unequal Bargaining Power;
    d. Unfair Surprise; and
    e. Lid Warranty

60. Respondent U.S. Bank, N.A., successor to the originator, presented in the origination of the purported loan that specific criteria such as FICO score and other

16

industry standard underwriting requirements must be met in order to qualify for a loan of money for the subject property from U.S. Bank, N.A.

61. Respondent U.S. Bank, N.A., successor to the originator, presented in the origination of the purported loan that a preliminary signature on the Mortgage loan contract was required in order to "lock in" an interest rate regarding the terms of the purported loan.

62. Respondent U.S. Bank, N.A., successor to the originator, failed to clarify in the terms of the Mortgage loan contract that U.S. Bank, N.A.., successor to the originator on the contract was in fact acting solely in the capacity as Accommodated Party account debtor beneficiary for a purported loan of money.

63. Respondent U.S. Bank, N.A., successor to the originator, concealed that they were financially benefitting by bargaining with a third party to acquire a service release premium via wire funds transfer in order to table fund the purported loan at the closing using a warehouse line of credit.

64. Respondent U.S. Bank, N.A., successor to the originator, knew or should have known that through a consciousness of innocence Ms. Johnson was at a special disadvantage when attempting to grant an alternate means of collection via the Security Instrument real property lien Mortgage to U.S. Bank, N.A.

65. It is clear that Respondent U.S. Bank, N.A., successor to the originator, intended to exploit Ms. Johnson's special disadvantage and deny Ms. Johnson's superior rights to the subject property.

## FIFTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

66. Ms. Johnson re-allege and incorporates herein by reference all previous paragraphs as though fully set forth herein.

67. Generally, one must prove the following to bring a legally sufficient claim of Breach of Fiduciary Duty.

    a.    Breach of full disclosure;

    b.    Breach of good faith and fair dealing;

    c.    Use of superior or influential position;

    d.    Use of superior knowledge; and

    e.    Failure to act in another's best interest

68. Respondent U.S. Bank, N.A., successor to the originator, failed to disclose that they were not the legitimate creditor.

69. After June 14, 2005 (closing), and unknown to Ms. Johnson, Respondent U.S. Bank, N.A. obtained the ownership of Ms. Johnson's loan through a LSF9 Master Participation Trust. (See *Exhibit C*).

70. Ms. Johnson asks the court for equitable tolling as this was only discovered recently in the Declaration of Bert Falls, her expert witness.

71. Respondent U.S. Bank has not acted in the best interest of the grantor of the Mortgage/Deed of Trust and failed to adhere to their Fiduciary Duties.

72. Respondent U.S. Bank was to satisfy, release and reconvey the security instrument in order for Ms. Johnson to maintain clear and marketable title.

73. As a result of its failure to comply with the Mortgage, Respondent caused a cloud on Ms. Johnson's superior claim to title.

18

74. As a result, Ms. Johnson have been harmed.

## SIXTH CAUSE OF ACTION
## QUIET TITLE

75. Respondent claimed an interest and estate in the property averse to Ms. Johnson in that Respondent asserted to be the owner of the note secured by the Mortgage/Deed of Trust to the property the subject of this suit.

76. The legal description of Respondent's lien was flawed.

77. There is an ***Exhibit B*** which has the complete description of Ms. Johnson's title which needs to be corrected by this Quite Title action.

78. The claim of Respondent was without any legal right whatsoever, and Respondent had no estate, title, lien or interest in or to, or any part of the Real Property.

79. The Respondent claimed some estate, right, title, lien or interest in or to the property averse to Ms. Johnson's title, and these claims constitute a cloud on Ms. Johnson's title to the Real Property.

80. Ms. Johnson, therefore, alleges, upon information and belief, that the party to the §1031 - Exchange transaction, held a perfected and secured claim in the Real Property; and were estopped and precluded from asserting an unsecured claim against Ms. Johnson' Real Property Estate.

81. Ms. Johnson requests the decree permanently enjoin Respondent and all persons claiming under them, from asserting any adverse claim to Ms. Johnson' title to the property.

82. Ms. Johnson requests the court award Ms. Johnson costs of this action, and such other relief as the court may deem proper.

## SEVENTH CAUSE OF ACTION
## SLANDER OF TITLE

83. Generally, one must prove the following to bring a legally sufficient claim of Slander of Title.

    a. There was a communication to a third party of;

    b. A false statement;

    c. Derogatory to another's title;

    d. With malice; and

    e. Causing special damages

        116.      The act of recording the purported June 14, 2005 recording instrument # , St. Louis County  is a communication to a third party of false statement derogatory to Ms. Johnson's title made with malice causing special damages to the Ms. Johnson' claim of title.

## EIGHTH CAUSE OF ACTION
## VIOLATIONS OF CONSUMER CREDIT PROTECTION ACT (CCPA)

        117.      Facts to support CCPA argument:

65. Title 15 USC Chapter 41 § 1461(g) states:

(g) Notice of new creditor

In addition to other disclosures required by this subchapter, no later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including -

(A) the identity, address, telephone number of the new creditor;

(B) the date of transfer;

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of interest in the debt is recorded; and

(E) any other relevant information regarding the new creditor.

Ms. Johnson are entitled to actual and statutory damages as a result of the Defendants violation of the Consumer Credit Protection Act.

118.    Respondents violated the CCPA by failing refusing to disclose the purported assignments/transfer of the Promissory Note and DOT.

## NINTH CAUSE OF ACTION
### VIOLATION OF FEDERAL REGULATIONS, REGULATION X, 12 C.F.R. § 1024.41 (b)(2)(i)(A)

119.    Code of Federal Regulations, Regulation X, 12 C.F.R. § 1024.41 (b)(2)(i)(A) requires that when a bank is made aware of a communication that can reasonably be deemed to be an application for loss mitigation, the servicer must promptly conduct a review to determine whether the communication represents a complete or an incomplete application. Re. X, 12 C.F.R. § expressly notes, "if a servicer receives a loss mitigation application 45 days or more before a foreclosure sale, a servicer shall: (A) Promptly upon receipt of a loss mitigation application, review the loss

21

mitigation application to determine if the loss mitigation application is complete." Reg. X, 12 C.F.R. § 1024.41 (b)(2)(i)(A).

120. Respondent U.S. Bank, N.A.d id not conduct a review to determine whether the Ms. Johnson's submitted loan modification application represented a complete or an incomplete loan modification application.

121. Reg. X, 12 C.F.R. § 1024.41(b)(1) requires that when a servicer deems the loss mitigation application to be incomplete, the servicer must act affirmatively to complete the application. The servicer must exercise "reasonable diligence" to obtain any documents and information it claims to require to complete the application.

122. Reg. X, 12 C.F.R. § 1024.41(b)(1) expressly notes, "[A] complete loss mitigation application means an application in connection with which a servicer has received all of the information that the servicer requires from the borrower in evaluation applications for the loss mitigation options available to the borrower. A servicer shall exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application." Reg. X, 12 C.F.R. § 1024.41(b)(1).

123. Respondents U.S. Bank, N.A. did not act affirmatively to complete Ms. Johnson's loan modification application and did not exercise reasonable diligence to obtain any documents/information to complete the application.

124. Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(B) requires (1) of the servicer determine that the application for loss mitigation is complete, it must send

the borrower a notice acknowledging that the application is complete within five business days of receipt of the application, and (2) The servicer must provide a written notice to the borrower describing the documents and information needed to complete the application.

125.     Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(B) expressly notes that they must "Notify the borrower in writing within 5 days (excluding legal public holidays, Saturdays, and Sundays) after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determine that the loss mitigation application is either complete or incomplete. If a loss mitigation application is incomplete, the notice shall state the additional documents and information the borrower must submit to make the loss mitigation application complete and the application date pursuant to paragraph (2)(ii) of this section.

126.     Respondents U.S. Bank did not send the Ms. Johnson a notice acknowledging that her loan modification application was complete within five days of receipt of the application and did not provide a written notice to Ms. Johnson describing the documents and information needed to complete the application.

127.     Reg. X, 12 C.F.R. § 1024.41(b)(2)(ii) requires the written notice outlined in Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(B) must include a reasonable date from the Bank by which the homeowner should submit the missing documents and information. Reg. X, 12 C.F.R. § 1024.41(b)(2)(ii)

23

expressly notes, "[T]he notice required pursuant to paragraph (b)(2)(i)(B) of this section must include a reasonable date by which the borrower submit the documents and information necessary to make the loss mitigation application complete."

128.     Respondent U.S. Bank, N.A. did not (1) provide the written notice outlined in Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(B), and (2) did not provide a reasonable date by which the borrower should submit the missing documents and information.

129.     As a result of the aforementioned conduct, U.S. Bank, N.A. violated the Code of Federal Regulations, including but not limited to, Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(A); Reg. X, 12 C.F.R. § 1024.41(b)(1); Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(B); Reg. X, 12 C.F.R. § 1024.41(b)(2)(ii), and has foreclosed upon Ms. Johnson's property without any legal authority or standing to do so, and in violation of State laws which were specifically enacted to protect consumers such as Ms. Johnson from the type of abusive, deceptive, and unfair conduct in which Respondents have engaged in.

130.     Respondent's unlawful conduct has caused Ms. Johnson damages in an amount to be proven at trial.

131.     US Bank as Trustee of their respective securitized trusts are liable for the actions of the servicer because it is within the scope of said agency relationship.

<u>TENTH CAUSE OF ACTION</u>

<u>VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT 1692 f (6)</u>

132.    15 U.S.C. § 1692 a (6) Section 1692 f (6) directly regulates the conduct of security interest enforcers.

133.    A person enforcing a security interest regulates more than just the collection of a money debt; it prohibits: [t]aking or threatening to take any non-judicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

<u>ELEVENTH CAUSE OF ACTION</u>
<u>DECLARATORY RELIEF</u>

134.    An actual controversy has arisen and now exists between Ms. Johnson and Respondent specified hereinabove, regarding her respective rights and duties in the subject note(s) and security instrument.

135.    Ms. Johnson requests a judicial determination of the rights, obligations and interest of the parties with regard to the subject property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the subject property.

136.    Ms. Johnson should be the equitable owner of the Subject Property.

137.    Ms. Johnson seeks to quiet title as of the date of the filing of this

25

Complaint.

138. Ms. Johnson seeks a judicial declaration that the title to the Subject Property is vested in Ms. Johnson alone and that the Respondent be declared to have no interest estate, right, title or interest in the subject property and that Respondent, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Ms. Johnson' rights.

<u>JURY TRIAL DEMANDED</u>

<u>PRAYER FOR RELIEF</u>

WHEREFORE PREMISES CONSIDERED as Prayer for Relief, and for the foregoing reasons, Ms. Johnson prays that Respondent be cited to appear and answer herein, and that upon final hearing, Ms. Johnson be awarded judgment:

- Declaring Respondent lacked any interest in the subject property which would have permitted them to foreclose, evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject property.

- Declaring that the trust deed was not a lien against the subject property, ordering the immediate release of the trust deed of record, and quieting title to the subject properties in Ms. Johnson and against Respondent and all claiming by, through or under them;

- A refund of any wrongfully or improperly collected fees and payments to Respondent to which it had no right;

- Pre- and post-judgment interest at the maximum rate allowed by law;

- Attorney's fees;

- Monetary relief over $100,000 but not more than $2,000,000,00; and

- Such other and further relief at law and/or in equity to which Ms. Johnson may be justly entitled including but not limited to damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as are allowed by law.

Respectfully submitted, this _27_ day of April, 2022

_Barbara J. Johnson_
Barbara J. Johnson

27

## INDEX TO EXHIBITS

EXHIBIT A:  Deed of Trust or Security Instrument Note

EXHIBIT B1-7 Notes

EXHIBIT C: Forensic Report

EXHIBIT D: Ms. Johnson's Affidavit
EXHIBIT E:  The legal description of Respondents'

## VERIFICATION

I, Barbara J. Johnson, under penalty of perjury, state that I am the Debtor/Plaintiff in the above-entitled action. I am over the age of twenty-one (21), and competent to testify. All of the information contained within the foregoing complaint, comes from first-hand knowledge and all allegations, statements, and Exhibits are true and correct to the best of my knowledge and belief.

_____
Barbara J. Johnson

Sworn to and Subscribed Before Me,
This _37th_ day of April, 2022

_____
NOTARY PUBLIC, State of Missouri

My Commissioner Expires: _06-01-2024_

SHARONDA DESHAY MCMULLEN
Notary Public-Notary Seal
State of Missouri, St. Louis City
Commission Number 09407746
My Commission Expires Jun 1, 2024

28